## STATE v. CHAMBLESS.

1. LIQUOR: *Indictment for selling: Proof.*
   Under an indictment for selling liquor without license without specifying in what quantities it was sold, a defendant, who has license to sell in quantities not less than a quart, cannot be convicted on proof of selling in less quantities. He should be indicted for keeping a dram-shop, or for selling in less quantities than a quart.

APPEAL from *Nevada* Circuit Court.

Hon. L. A. BYRNE, Circuit Judge.

*Dan W. Jones,* Attorney General, for the State.

The license for *1883* being to sell by the quart was no protection to appellee when he sold in less quantities, and the court erred in instructing the jury that it was. But if we admit that the appellee could not be convicted for selling liquors during that year in less quantities, yet the court certainly erred in refusing to give the fourth instruction as asked by the state, (*Trans. 8,*) and in amending the same, (*Trans. 10,*) because there was evidence that appellee did sell liquor in less quantities than a quart in *1884,* prior to the indictment, when he had no license whatever. This comes within the charge of the indictment.

SMITH, J.   Chambless was indicted, on the 10th of March, 1884, for selling intoxicating liquors, " without first procuring a license from the county court to exercise such privilege."   The indictment did not specify in what quantities the liquors were sold.   He pleaded " not guilty," was tried and acquitted.

The testimony showed, without contradiction, that he sold whisky and beer in quantities less than one quart during the year 1883, and within twelve months next before the finding of· the indictment.   He produced a license from the proper authority to sell liquors by the quart from January 1 to December 31, 1883.   One witness also testified to sales of whisky in the months of January and February, 1884 ; but the defendant being sworn as a witness denied any sales in 1884.

The jury were told in effect that the defendant was guilty if he had sold liquors, at any time within a year before the indictment was returned into court, without being licensed.   But the court refused to charge that the defendant could be convicted under this indictment, upon proof that, having only a quart license, he had sold in smaller quantities.

*Sections 4507–12 and 4516–19 of Mansfield's Digest* provide for the issue of two kinds of licenses—one authorizing sales of liquors in quantities not less than a quart, and when the liquors are not to be consumed on the premises of the vendor; and the other being a license to keep a dram-shop. The former license does not protect the licensee in selling by the pint, half-pint and drink, as was the case here.   But wherever the quantity sold, or the place where the liquor is to be drunk, is an element of the offense, it must be alleged in the indictment.   *Bishop on Statutory Crimes, Secs. 1034, b, 1039; State v. Clayton, 32 Ark., 185.*

The charge being general—that the defendant sold without license—the issue thus tendered was met by the exhibition of a license to sell in any quantity whatever.   Without specification in the indictment as to the quantity sold, quantity becomes

immaterial. The defendant should have been indicted for keeping a dram-shop, or for selling in quantities under a quart.

As to the sales in 1884, when the defendant had no license of any sort, that was a question of fact, which the jury, upon conflicting evidence, have determined adversely to the state. As they were properly directed, their verdict cannot be disturbed.

Affirmed.